COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, SS                                   Superior Court Department

DORIS SPEED ANDREWS          ) CIVIL ACTION
                             ) No._____
        Plaintiff            )
                             )
    vs.                      )
                             )
MASSACHUSETTS BAY TRANSPORTATION )
                             )
AUTHORITY AKA MBTA           )
                             )
        Defendant            )

11 CA 10232-DJC

MAGISTRATE JUDGE Sorokin

**COMPLAINT**

Parties

1. The Plaintiff, Doris Speed Andrews is an individual residing at 65 Loring Street, Hyde Park, Suffolk County, Massachusetts.

2. The Defendant, Massachusetts Bay Transportation Authority hereafter referred to as the MBTA is the Plaintiff's employer and centrally located at Ten Park Plaza, 7th Floor, Boston, MA 02116

Jurisdiction

3. This court has jurisdiction over this matter pursuant to

FACTS

4. The MBTA is a public authority mandated by law to serve the public's transportation needs. It is charged with the public's trust to deliver its services safely and efficiently.

[Summary of pleading] - 1

5. The Plaintiff was hired by the MBTA as a part-time Streetcar Motor person in August 2000. Plaintiff accepted the offer of full time position in September 2001.

6. In May 2002, Plaintiff, while performing her duties as a light rail operator assisting a passenger, sustained injury to her right knee on the metal fare box located inside the street car. She subsequently underwent surgery to her right knee to repair a torn meniscus.

7. The Defendant agreed to pay the Plaintiff workers compensation benefits from June 7, 2002 until October 15, 2002. Plaintiff returned to work on October 17, 2002.

8. On July 18, 2004 the Plaintiff sustained work related injury to her back and re-injury to her right knee. She was seen by an orthopedist specialist on July 30, 2004 for severe pain and complications associated with her May 2002 injury.

9. Despite the fact that her more recent condition arouse out of and during the course of her employment, the Defendant denied her workers' compensation benefits.

10. Plaintiff in July 2004 notified the Defendant that she would be out of work under the Family Medical Leave Act (FMLA).

11. Plaintiff consistently updated the Plaintiff of her current health status and included written correspondence from her physician and orthopedist.

12. Noteworthy is the fact that in early July 2004 the Plaintiff was working as a second operator on a two-car train on the Boston College Line. The train was being operated recklessly at an excessive speed, by the first operator and Plaintiff co-worker Mr. Louis. The Plaintiff, charged with the public's trust to deliver services safely and efficiently reported her co-workers Misconduct immediately to her supervisors after Mr. Louis ignored her repeated pleas to slow down. The report was broadcast to Central Control "over the air" and heard by other co-workers. Immediately thereafter, she experienced ongoing hostility and threats from her co-workers. Despite the fact that her superiors knew the Plaintiff was being severely harassed, they failed, refused or neglected to intervene. Further, the Plaintiff was advised outside of the workplace by a supervisor to "watch her back"

13. August 2006 the Plaintiff was medically cleared by her treatment providers (PCP and Specialists) to return to work in a light duty assignment with restrictions on prolonged sitting, standing or stair climbing and maximum weight lifting of ten pounds.

14. November 9, 2006, MBTA Director of Medical Services qualified Plaintiff to perform the duties of a Customer Service Agent (CSA), which the Defendant identifies as a light duty position.

15. The Defendant has failed to offer the Plaintiff reassignment to a CSA position

16. The Defendant has never meaningfully engaged in an interactive process with the Plaintiff about a return to active employment with reasonable accommodations.

17. The Plaintiff's employment with the MBTA remains a question. She remains on a list for a vacant CSA position that has been fulfilled numerous times over by employees that have been hired subsequent to her November 9, 2009 qualification for the position(s).

18. Plaintiff has been on unpaid leave for a documented medical condition. Since July 18, 2004 she has been without compensation and health and welfare benefits.

19. Plaintiff has lost valuable retirement benefits and career opportunities through no fault of her own.

20. The Defendant is indebted to the Plaintiff for lost wages and benefits, emotional distress, legal fees and pain and suffering

[Summary of pleading] - 4

```
 1
 2    21.      Dated this [Date]
 3                                              _____
                                                [Attorneys' address]
 4                                              [Attorneys' names]
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

[Summary of pleading] - 5